in question, and that the defendant entered the home without their knowledge or consent. This evidence was sufficient to establish possession rightful as against the burglar. *People v. Saunders,* 132 Ill.App.2d 421, 270 N.E.2d 217.

Since defendant's case has not yet reached the stage of final adjudication, the Unified Code of Corrections is applicable. (*People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) Under the Unified Code of Corrections, burglary is a Class 2 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1 (b)). The Code provides that the sentence for a Class 2 felony shall be a term of from 1 to 20 years (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(3)) and that the minimum shall be no greater than one-third of the maximum (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1 (c)(3)). In the case at bar, defendant's minimum sentence of 6 years exceeds the one-third of the maximum and must therefore be reduced to a term of 4 years.

 Defendant's final argument is that his sentence, as modified, is excessive and should be reduced. While this court has the authority to reduce a sentence, our supreme court has indicated that this authority should be exercised with considerable caution and circumspection. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) The imposition of sentences is within the discretion of the trial court, and courts of review will not interfere with that discretion unless the sentence is clearly excessive. (*People v. Keene,* 1 Ill.App.3d 720, 274 N.E.2d 130.) Here, considering the nature of the offense, the facts as adduced at trial, and defendant's prior record, we are of the opinion that the sentence imposed upon the defendant, as modified, is not excessive.

For the foregoing reasons, defendant's minimum sentence is reduced to a term of 4 years and the judgment and sentence of the circuit court of Cook County, as modified, is affirmed.

Judgment affirmed as modified.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH F. CARTER, Defendant-Appellant.

(No. 59130; 

First District (2nd Division)—June 25, 1974.

PER CURIAM.

Paul Bradley, of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.